## PEOPLE *ex rel.* FOX *v.* TEMPLETON.

F. was elected, in the month of May, 1857, County Judge of San Mateo county, in pursuance of the provisions of an Act "To Organize and Establish the County of San Mateo." No proclamation of the Governor was issued calling this election. At the general election in 1858, in pursuance of the proclamation of the Governor, an election was held for the same office, and T. was elected: *Held*, That F. was entitled to the office.

By the Constitution, Judges of the County Court hold their offices, when elected, for four years. It is in the power of the Legislature, in organizing, or after organizing, a new county, to prescribe the time of elections for county officers, and also the period of the commencement of their terms; but it is not competent for the Legislature to change the period of the tenure of the office of Judge of County Courts, any more than to change those of Supreme and District Judges. It is evident, from the terms of this Act, that it was contemplated that these officers—the Judge among them—should enter upon their offices as soon as the election was announced, or within a reasonable time thereafter.

From the time of the assumption of the office, the term of the Judge elected would legally commence, and terminate at the expiration of four years from that time.

APPEAL from the Twelfth District, County of San Francisco.

This was an action brought to try the right to the office of County Judge of San Mateo county.

On the twelfth day of May, 1856, in pursuance of the provisions of "An Act to Repeal the several Charters of the City of San Francisco, and to Establish the Boundaries of the City and County of San Francisco, and to Consolidate the Government thereof," an election was held for the various county officers, including that of County Judge for the County of San Mateo, and at such election, the relator, Ben-

jamin F. Fox, was elected County Judge, and soon after qualified and entered upon the discharge of the duties of such office. The law under which this election was held, did not go into effect until after the day of the election.

On the eighteenth of April, 1857, an Act was passed "To Reorganize and Establish the County of San Mateo." This Act provided for the election of all the county officers on the second Monday in May, 1857. Under the provisions of this Act, another election for the office of County Judge was held, and the relator was again elected, and soon thereafter was duly commissioned and entered upon the duties of the office. No proclamation of the Governor, calling either of the elections, was issued. At the general election in the year 1858, in pursuance of the proclamation of the Governor, and notice of the Board of Supervisors of that county, an election was held for the office of County Judge of San Mateo county, and the defendant, Templeton, was elected to that office, and soon after was commissioned, qualified and entered upon the duties thereof, ousting the relator, Fox, who now brings this action to try the right to said office.

By the judgment of the Court below, the defendant, Templeton, was excluded from the office, and Fox was held to be entitled to it. Defendant appealed to this Court.

*W. T. Gough* for Appellant.

Three elections are relied upon by the respondent.

1st. The election in May, 1856, is absolutely void. People *ex rel.* McDougall *v.* Johnston, 6 Cal. Rep. 673.

2d. The election of September, 1856, was held without a proclamation ; over six hundred votes were cast in the county at that election, and of these only thirty-eight for County Judge.

*a.* Such an election is void and fraudulent, and confers no rights. The People *v.* Benham, 3 Cal. Rep. 477 ; The People *ex rel.* McKune *v.* Gov. Weller, 11 Cal. Rep. 49.

*b.* That the present County of San Mateo is a different county from that in existence at the time of that election, both as to the extent and organization. See Acts of April 19th, 1856, and Statutes of 1857, page 223.

People v. Templeton.

*c.* The Statute of 1857 is to " Reorganize and Establish the County of San Mateo." As to titles of statutes, see Cohen *et als. v.* Barrett & Sherwood, 5 Cal. Rep. 209.

*d.* The Special Act of 1857, (Stat. p. 65) was passed for the purpose of legalizing the acts of the officers of San Mateo county, but, by its provisions, before any officers were entitled to its benefits, they were required to conform to its provisions, one of which was, that no officer claiming its benefits should continue in office longer than the special election for officers of that county, which took place in May, 1857.

The respondent voluntarily complied with the requisitions of that Act ; took the oath of office required by it, relied upon it, held himself out to the community as acting under it, and finally ran for office at the election of May, 1857, specified by its provisions, was elected thereat, qualified and entered upon the discharge of the duties of the office, under the election in May, 1857.

*e.* He is estopped from setting up the election in September, 1856, by his subsequent acts. 1 Zabriskie's N. Jersey Rep. 403 ; 4 Kent, 268–9, notes *c* and 1 ; Carpenter *v.* Stellwood, 12 Barb. 128.

*f.* That by his said acts, appellant was induced to act. Duel *v.* Bear River Co., 5 Cal. Rep. 85.

Having thus disposed of these preliminary questions, we come now to consider what is deemed to be the real issue in this case.

3d. The respondent and relator was elected in May, 1857, at a special election, County Judge of San Mateo county, for a term—if any term under the said election ever existed — which has long expired. See Act to Reorganize and Establish the County of San Mateo, Statutes of 1857, pp. 222–3, sec. 6.

It is conceded in this argument, that the Legislature has the power to shorten or lengthen the terms of all offices, except those fixed by the Constitution, and except, in this case, the County Judge. See Const., art. 6, sec. 7.

It is taken for granted, that in construing statutes force and effect must be given to all their parts, agreeably to the intention of the Legislature. But for these we refer to Gore *v.* Brazier, 3 Mass. 523—40 ; Kelly Bank Petitioners, 23 Pick. 93, and to other cases there cited.

People *v.* Templeton.

The intention of the Legislature must govern in construing statutes, when it can be ascertained.   Smith *v.* Randall, 6 Cal. Rep. 50.

*a.* What, then, was the intent of the Legislature in this case ?

1. It seems, indeed, so evident, that he who runs may read and understand—that it was their intention to extend the terms of all the officers of the County of San Mateo, six months longer than the ordinary terms ; or, to speak more correctly, to allow them to hold—1st. For six months ; 2d. For the terms fixed by laws ; *i. e.*, other laws. See Stat. 1857, p. 223, cited above.

2. This would make the tenure of the office of County Judge by the relator, *four years and six months,* an unconstitutional term.   Const., art. 6, sec. 8.

*b.* Now, what we contend for is, that force and effect must be given to the term expressed by the law : " Shall hold their respective offices until the next general election "—that is, from May, 1857, to September, 1857—for the intention of the Legislature is manifest, that they intended the ordinary term to commence at the general election in September, 1857, for they say that their holding " after the next general election, the same, in all respects, as if elected at the next general election " ; and that the primary intent of the Legislature was to fill the offices of the county up until the succeeding general election.

1. It is conceded that the Legislature has not the power to shorten the term of an office, the length of which is fixed by the Constitution ; but have they not the power to establish the commencement of that term at the general election, and in the meantime fill the office till that election ?   Take case of the office of District Judge, the term of which is fixed by the Constitution to commence at the general election. Suppose a new District is formed in February, would not the Legislature have power to fill that office, by special enactment, until the time when the constitutional term would commence ?

2. The Act of May, 1857, above referred to, is a special election. It is also specially defined to be a special election by the Statute of 1857, page 65.

Special elections are defined to be such as are held to fill vacancies. Art. 7, Act concerning Offices, 1851 ; Compiled Laws, 245, and Act to Regulate Elections, 1850.

*c.* If the relator and respondent was elected to fill the vacancy until the general election in September, 1857, his term of office has long since expired; for surely it will not be seriously contended that by virtue of a special election in May, 1857, to fill a vacancy, the relator was elected to fill that, and also a constitutional term which commenced at the general election in September, 1857; for it is not pretended that he was elected in any manner at the last aforesaid election.

*d.* If the relator and respondent was not elected to fill a vacancy at the special election in May, 1857, then the Statute of May, 1857, calling for a special election to fill the offices of the County of San Mateo, so far as it relates to the election of the County Judge, it is urged, is void.

*C. N. Fox* for Respondent.

I. The first point made by appellant is, that the election set up by relator, which took place in May, 1856, is absolutely void, and for this he relies on the case of the People v. Johnson, 6 Cal. 673.

*a.* But it is respectfully submitted, with all due deference to the opinion of the learned Judges who then occupied the bench, that that decision is erroneous. It was evidently founded upon the last section of the schedule annexed to the Consolidation Bill; and in order to give that section a literal construction, the Court has overridden the express will of the Legislature as found in other portions of that schedule. See Stat. 1856, p. 176.

*b.* Even if that decision be correct, the subsequent Act of the Legislature (Stat. 1857, p. 65) so far cured the defect in the former election as to confirm the relator in office until his successor was elected and qualified, and entitled to enter upon the duties of the office according to law.

II. The relator was again elected in May, 1857, under the "Act to Reorganize and Establish the County of San Mateo." The term of office prescribed by that Act was "until the next general election," and for the term fixed by law from and after the next general election, the same in all respects as if elected at the next general election. Stat. 1857, p. 223.

*a.* The term of office of County Judge is fixed, not only by statute,

People v. Templeton.

but by the Constitution, at four years.    (Art. 6, sec. 8 of the Constitution; Wood's Digest, p. 151, art. 652, and p. 558, art. 2860.)    And under these statutes the term begins and ends, and the elections take place at specified terms, " except in cases otherwise provided by special enactment."    In this case, the election and term of the relator was " otherwise provided for by special enactment," and that same special Act provided that future elections and terms should be governed by the general law above referred to.    See Stat. 1857, p. 223, above cited.

_b._ Where the Act organizing a county prescribes the term of the officers first elected, and no provision is made for the election of their successors, the election of successors must be governed by the general law.    People v. Church, 6 Cal. R. 76; People v. Colton, 6 Cal. Rep. 84.

III. The construction sought to be put upon the Statute of April, 1857, by appellant, cannot be maintained.    He asks the Court, in effect, to put what he deems a literal construction (so far as the office of County Judge is concerned) upon that part of the Act which provides for the term " until the next general election," and to wholly disregard the remainder of that sentence.    If any part of that Act is nugatory, as applied to the case of the relator, it is that part to which appellant asks the Court now to give force and effect, and nugatory, for the reason that it was unnecessary.    The relator was already in office under the election of 1856, and the Act of March, 1857, confirming him in office; and under that title was entitled to continue in office, whatever may have been the result of the election in May, 1857, until the first Monday in April, 1858, the time when the Court below very properly intimates his term began under the election of May, 1857.

_a._ But suppose his term, under the election of 1857, did commence immediately after the election, as appellant claims it did, his construction cannot then hold good, for the Legislature had no power, even if they so intended, to provide for the election of a County Judge for a term of six months only; they cannot abridge the constitutional term of four years.    With reference to the office of County Judge, the Constitution fixes no time when the term shall begin, or when the officer

shall be elected.    The term *must* be four years; it *may* begin on the day fixed by the general law, or on any other day, according to contingent circumstances.    People v. Langdon, 8 Cal. R. 1; People v. Whitman, 10 Cal. R. 38; Brodie v. Weller, 11 Cal. R. 77.

*b.* The Legislature in that Act has assumed to specify the effect of its provisions; and if the term did commence in May, 1857, the Court has no power to say it was a six months' term, but must give the full term prescribed by the Act, or, at least, so much of it as can be given under the Constitution—four years—and declare the Act void as to the residue.

When the statute assumes to specify the effects of a certain provision, we must presume that all the effects intended by the law makers are stated.    Perkins v. Thornbury, 10 Cal. R. 189; People v. Whitman, *Ib.* 38; Lee v. Evans, 8 Cal. R. 424; Bird v. Dennison, 7 Cal. R. 307.

IV. Appellant tells us this was a special election.    We deny the proposition.    It was an election held under a special enactment, but it was not a special election, in the legal sense of that phrase.    A special election is one held to fill a vacancy in an office already existing.    This was an election to fill offices created by the Act which provided for the election.

*a.* To give this Act the construction asked by appellant, would be equivalent to overturning the organic act of almost every new county in the State.    Nearly every Act organizing a new county, makes the first election come in the spring, and, in the same manner that this does, extends the terms of the officers first elected; in some of them, that extension is made in express words as to the office of County Judge.    See Act to Organize the County of Merced, Stat. 1855, p. 125; Act to Organize the County of Del Norte, Stat. 1857, p. 35, and others.

V. This case differs from the case of the People *ex rel.* McKune v. Weller, cited by appellant, in this: In that case the party claiming the office against his predecessor was relator; here the case is reversed. He who claims the office against his predecessor, has seized upon that office, and compelled the predecessor to bring his action.    The rule must then be reversed; defendant's title must first be examined, and

if he has none, that alone will be decisive of the case.   Doane *v.* Scannell, 7 Cal. R. 393 ; People *v.* Scannell, 7 Cal. R. 432.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Leaving out some facts which are immaterial in the view we have taken of this question, the case may be thus stated :   Fox, the relator, was elected Judge of San Mateo County, in May, 1857, that being the day fixed by the Act of April 18, 1857, for an election for officers of that county.   The defendant was elected at the general election of 1858.   The Act of April, 1857, (Session Acts, 222) is rather ambiguous in the section authorizing the election ; it is as follows :   " There shall be an election held for all the county officers of said county, and to ascertain the place preferred by its electors, for their county seat, to be hereafter fixed by Act of Legislature, on the second Monday of May next ; and the officers elected at such election shall hold their respective offices until the next general election, and for the terms fixed by law, from and after the next general election, the same in all respects as if elected at the next general election, and until their successors are respectively elected and qualified, as provided by law."

By the Constitution, Judges of the County Courts hold their offices, when elected, for four years.   It is in the power of the Legislature, in organizing, or after organizing a new county, to prescribe the time of elections for county officers, and also the period of the commencement of their terms ; but it is not competent for the Legislature to change the period of the tenure of the office of Judges of County Courts, any more than to change those of Supreme and District Judges.   It is evident, from the terms of this Act—" the officers elected shall hold their respective offices until the next general election, and for the terms fixed by law "—that it was contemplated that these officers—the Judge among them—should enter upon their offices as soon as the election was announced, or within a reasonable time thereafter.   From the time of the assumption of the office, the term of the Judge elected would legally commence, and terminate, of course, at the expiration of four years from that time.   If the Act is to be construed as extending the term beyond this, as probably is the literal construction, the Act so far

is void, leaving in force only so much as is constitutional. (See People *ex rel. v.* Burbank, *ante* 378.) The other points have been already decided by this Court.

The judgment is affirmed.